## Morris' Estate

Before Van Dusen, Stearne, Sinkler, Klein and Bok, JJ. *Edward S. Morris* and *Joseph J. Dudley*, for exceptant. *R. M. Remick*, of *Saul, Ewing, Remick & Saul*, contra.

VAN DUSEN, J., February 5, 1937.—Testatrix gave the residue of her estate "to be known as The Morris Foundation to a trust company, in trust, to apply the net income to the preservation, upkeep and maintenance as a public park or arboretum of my country place known as 'Compton' in Philadelphia and my country place known as 'Bloomfield' in Montgomery County with such restrictions as to admission of the public as my trustee shall deem best.

"While this is my primary purpose and while I confer upon my trustee the broadest powers in regard to management of these properties and the expenditure of the income, it is my desire in a general way to set forth what, in furtherance of my primary purpose, I desire the trustee to follow, although what I now have in mind may necessarily be changed from time to time as the years go on."

Testatrix then provided for the maintenance of a laboratory for botanical research, but not restricted to botanical research, and for the printing and distribution of the result of the research; for the distribution of plants among the public; for the conduct of scientific investigations in this country and abroad; for the sending of deserving boys and girls to school and college for the study of horticulture and kindred subjects; for the maintenance of "a post-graduate course for such students as desire or need it, at 'Compton' and 'Bloomfield' after they have finished the preliminary ground work at school or college"; for lectures by eminent scientists to students and the public generally.

By a codicil, testatrix substituted the University of Pennsylvania as the actual manager of the work of The Morris Foundation, but did not alter the purposes of the trust.

Inheritance tax has been paid on the fund for maintenance of the Morris Arboretum. Tax was also assessed on the value of the ground and buildings which passed under the residuary clause; and an appeal has been taken from this assessment. The question is whether these items are "buildings, ground . . . passing by will . . . for the sole use of the public by way of free exhibition", which are exempted from inheritance tax by the Act of July 9, 1919, P.L. 794, as amended by the Act of June 12, 1931, P.L. 553.

Taxability is to be determined at the moment of death according to the kind of items given and the purposes of the gift as expressed by the will. We, therefore, put out of consideration all evidence as to the manner in which the

grounds are now being administered. The trustees cannot change the trusts so as to bring the gift within the act or take it out of the act. We agree with the trial judge that there is no variance in this case, and that the use for which the ground and buildings are intended is within the act.

The ground and buildings are given for a "public park or arboretum" and testatrix says that this is her "primary purpose". This is within the language of the statute: ". . . sole use of the public by way of free exhibition". In furtherance of this primary purpose testatrix provides for various other enterprises which are to be maintained out of the fund as well as the arboretum. None of these subordinate purposes has anything to do necessarily with the use of the grounds. It does not follow that the laboratory must be there, or that the plants which are distributed to the public must be grown there. The only possible exception is the provision for postgraduate study at the arboretum. There is nothing in the nature of this subordinate part of the work to indicate that it will interfere with the public use of the ground as a free exhibition. The use of the public for free exhibition is "sole" if it is not diminished by the other subordinate and possibly nonpublic uses.

We notice, however, that after the death of testatrix the trustee spent $4,895 in erecting an iron fence around the grounds and $175 for a stone wall, and that these sums are listed apart from the ground and buildings in the assessment appealed. Testatrix in a codicil directed that the fence be finished, these sums were not ground and buildings at the time of the death of testatrix, and they should pay tax. This point was not presented to the hearing judge.

The findings of the hearing judge are modified so as to sustain the appeal for all except tax on the sum of $5,070 with interest at six percent. The exceptions to the findings are otherwise dismissed.